# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS
### No. 10-561V
### Filed: August 20, 2014

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| ROBERT COX and ROSA COX, | * | |
| as parents and legal representatives | * | |
| of their minor daughter, KAITLYN COX, | * | Attorney Fees and Costs |
| Petitioners, | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

Ramon Rodriguez, III, for petitioner.
Ryan D. Pyles, U.S. Department of Justice, Washington, DC for respondent.

## DECISION ON ATTORNEY FEES AND COSTS[1]

**Vowell,** Chief Special Master:

In this case under the National Vaccine Injury Compensation Program,[2] former Special Master Daria J. Zane issued an order concluding proceedings on June 12, 2013. On December 13, 2013, the case was reassigned to me. On August 19, 2014, respondent filed a stipulation of fact concerning attorneys' fees and costs, which included a statement pursuant to General Order #9 setting forth petitioners' personal litigation costs. The stipulation also indicated that after informal discussions with respondent, petitioners request an amount to which respondent does not object.

I find that this petition was brought in good faith and that there existed a reasonable basis for the claim. Therefore, an award for fees and costs is appropriate, pursuant to 42 U.S.C. §§ 300aa-15(b) and (e)(1). Further, the proposed amount seems

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq.* (2006).

reasonable and appropriate. **Accordingly, I hereby award the total $61,149.50[3] as follows:**

- **a lump sum of $50,033.00 in the form of a check payable jointly to petitioners, Robert Cox and Rosa Cox, and petitioner's counsel of record, Ramon Rodriguez, III, for petitioner's attorney fees and costs, and**

- **a lump sum of $11,116.50 in the form of a check payable to petitioners, Robert Cox and Rosa Cox, for their personal litigation costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s Denise K. Vowell**
Denise K. Vowell
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, 42 U.S.C. § 300aa-15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y, HHS*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. *See* Vaccine Rule 11(a).